J-S20006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID MERRITT | : | |
| | : | |
| Appellant | : | No. 704 MDA 2024 |

Appeal from the PCRA Order Entered April 4, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001327-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID LAVERNE MERRITT | : | |
| | : | |
| Appellant | : | No. 1314 MDA 2024 |

Appeal from the PCRA Order Entered April 4, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000152-2022

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: JULY 8, 2025**

Appellant, David Merritt, appeals *pro se* from the order entered on April 4, 2024, in the Criminal Division of the Court of Common Pleas of Lackawanna County, that denied his petition for collateral relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court furnished the following summary of the pertinent factual and procedural history.

[Appellant threatened his neighbor with serious bodily injury on January 16, 2022. Thereafter, Appellant entered a guilty plea on June 9, 2022 to one count of simple assault at trial court docket number CP-35-CR-0000152-2022. At the time Appellant entered his plea, he was serving a probationary sentence at trial court docket CP-35-CR-0001327-2018. Thus, on August 23, 2022, the trial court revoked Appellant's probationary sentence and resentenced him to one to three years' incarceration, followed by two years of special probation]. Also, [at trial court docket number CP-35-CR-0000152-2022, the trial] court sentenced [Appellant] to 12 to 24 months[' incarceration] consecutive to the sentence [at trial court docket number CP-35-CR-0001327-2018. The trial] court also ordered [Appellant] to be reviewed by the Mental Health Unit at state corrections and hopefully placed in [that] unit. [Appellant] was represented by Joseph Kalinoski[, Esquire,] at the guilty plea [hearing] and the sentencing [hearing].

On August 9, 2023, [Appellant] filed a [PCRA petition, seeking collateral relief. The PCRA court appointed] Kurt Lynott, [Esquire,] . . . to represent [Appellant]. On September 22, 2023, [Attorney] Lynott filed a motion to withdraw as counsel[, as well as a] **Turner/Finley**[1] no-merit l]etter. … On March 1, 2024, [the PCRA] court granted [Attorney] Lynott's motion to withdraw and issued notice [pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intent to deny Appellant's petition without a hearing]. On April 4, 2024, [the PCRA court issued an order] dismissing [Appellant's] petition [without a hearing. This appeal followed.[2]]

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The PCRA court dismissed Appellant's PCRA petition on April 4, 2024 and, as such, Appellant was required to file his notice of appeal on or before May 6, 2024. **See** Pa.R.A.P. 903(a) (explaining that an appellant has "30 days after the entry of the order from which the appeal is taken" to file an appeal); **see also** 1 Pa.C.S.A. § 1908 (when the last day of the 30–day appeal period falls on a weekend or legal holiday  such day shall be omitted from the computation of time). The docket reflects that Appellant filed his *pro se* notice of appeal
*(Footnote Continued Next Page)*

PCRA Court Opinion, 7/10/24, 1-2 (unnecessary capitalization omitted) (footnotes added).

Appellant raises the following issues for our consideration.

1. Was Appellant's guilty plea entered knowingly, intelligently, and with sufficient awareness of the relevant circumstances, where trial counsel was ineffective in: (1) failing to investigate [the victim's] claim that Appellant assaulted him with a [box cutter] despite the fact that Appellant was arrested on the spot and no [box cutter] was found on his person nor in the surrounding area, and that there was no property receipt of a [box cutter] in the discovery; and (2) failing to inform Appellant that no such evidence existed and that no such evidence would be used against him at trial?

2. Was Appellant's guilty plea entered knowingly, intelligently, and with sufficient awareness of the relevant circumstances, where trial counsel was ineffective in: (1) failing to investigate [the victim's] prior arrest history/criminal record; and (2) failing to inform Appellant that such evidence could have been used to impeach the witness['s] character and credibility at trial?

3. Was Appellant's guilty plea entered knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences, where trial counsel was ineffective in failing to inform Appellant that he could have put on a

_____

on May 16, 2024; however, there are no entries on the trial court's docket which confirm the fact and manner of service of the court's April 4, 2024 order upon Appellant in his *pro se* status (as court-appointed counsel was granted leave to withdraw as Appellant's counsel on March 1, 2024). **See** Pa.R.Crim.P. 114(C)(2)(c) (docket entries shall contain the date of service of a court order). In view of the circumstances, we shall treat this appeal as timely filed. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

- 3 -

> legal insanity, mental illness, and/or diminished capacity defense at trial?

Appellant's Brief at 4-5.

Herein, Appellant challenges the summary dismissal of his petition for collateral relief, in which he alleged that trial counsel's ineffectiveness caused him to enter an invalid guilty plea. Our standard of review for a challenge to the dismissal of a petition filed pursuant to the PCRA is well-settled.

> [W]e must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Importantly, there "is no absolute right to an evidentiary hearing on a PCRA petition." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). Rather, a PCRA court "has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact.'" ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (quotation omitted). Notably, this rule applies to claims of ineffective assistance. ***See id.*** ("To prevail in an ineffectiveness claim, the

petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction"). Indeed, our Supreme Court previously "stress[ed] that an evidentiary hearing 'is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.'" *Id.* at 604 (quotation omitted). Accordingly, if the PCRA court can determine – without an evidentiary hearing – that "one of the prongs [of an ineffective assistance claim] is not met, then no purpose would be advanced by holding an evidentiary hearing." *Jones*, 942 A.2d at 906.

Moreover, this Court previously stated that

> claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the 'manifest injustice' standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.
>
> ***
>
> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may

- 5 -

not assert grounds for withdrawing the plea that contradict statements made when he pled.

Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea.

[I]n order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (internal citations omitted) (reformatted); *see also* Pa.R.Crim.P. 590, cmt. (explaining the minimum amount of questions the trial court should ask during a plea colloquy).

Initially, we note that, in contrast to Appellant's claims, it is apparent that Appellant entered a knowing, voluntary, and intelligent guilty plea. A review of the certified record reveals that Appellant initially signed a written guilty plea statement, wherein he agreed to plead guilty to simple assault and was alerted to the fact that it carried a maximum sentence of two years'

- 6 -

incarceration. Guilty Plea Statement, 6/9/22, at 2-3. By virtue of signing the guilty plea statement, Appellant averred that, even though he was presumed innocent, he was foregoing certain rights, including the right to go to trial, and that he did so knowingly and voluntarily. *Id.* Thereafter, the trial court conducted a thorough and detailed on-the-record oral colloquy of Appellant. The relevant exchange is as follows:

> **[Assistant District Attorney]:** … This matter is docketed to [CP-35-CR-0000152-2022]. It [is] my understanding [Appellant] is prepared to enter a plea of guilty to Count [one] of the information. This is a simple assault. It [is] graded as an M-2, and the maximum penalties are [two] years [incarceration] and/or $5,000[.00] in fines.
>
> **The court:** And are you David Merrit? Your microphone is off. Are you David Merritt?
>
> **[Appellant]:** Yes, sir.
>
> **The court:** Okay. Mr. Merritt, I have a paper in front of me. Did you go over this with your attorney and ask him to sign it for you?
>
> **[Appellant]:** Yes, sir.
>
> **The court:** And did you answer all other questions truthfully?
>
> **[Appellant]:** Yes, sir.
>
> **The court:** So you know you do [not] have to plead guilty. You have a right to a trial, but when you plead guilty, you [are] giving up that trial right, and you [are] giving up the other rights that are on this paper. Do you understand that?
>
> **[Appellant]:** Yes, sir.
>
> **The court:** Are you entering this plea of your own free will because you had discussed it with your attorney and you and he think it [is] the best thing to do?
>
> **[Appellant]:** Yes, sir.

**The court:** All right. And you understand you could receive a maximum of [two] years in prison and $5,000[.00] in fines. Right? Do you understand that?

**[Appellant]:** Yes, sir.

**The court:** Okay. And listen. The [District Attorney] is going to tell us the facts.

**[Assistant District Attorney]:** Yes, Your Honor. It would be alleged that on or about January 16[, 2022], here in Lackawanna County, [Appellant] attempted by physical menace to put [the victim] in fear of imminent serious bodily injury, in that he did threaten to harm him [in a location along] North Main Street in Scranton[, Pennsylvania].

**The court:** All right. And, Mr. Merritt, do you admit that on January 16, 2022, you had threatened to harm [the victim]?

**[Appellant]:** Yeah, but I was not in the right state of mind. I was not good because of stuff I was going through and because of my grandmother and everything. She passed away and my brother did [as well].

**The court:** Well, I understand there are always other circumstances to consider, but we start with the fact that you admit that what you did that day was wrong, but you have an explanation, and I [am] going to hear that; is that correct?

**[Appellant]:** Yes, sir.

**The court:** All right. Okay. I will accept the plea in this matter.

N.T. Guilty Plea Hearing, 6/9/22, at 2-4 (unnecessary capitalization omitted). Appellant is bound by the statements he made during his oral and written guilty plea colloquies. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citations omitted) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."). Hence, the foregoing confirms

that the written and oral colloquies herein addressed all six subjects set forth in Pa.R.Crim.P. 590 and that, during the execution of Appellant's written and oral colloquies, Appellant confirmed that his decision to enter a guilty plea was made knowingly, voluntarily, and intelligently.  Hence, Appellant's claim to the contrary lacks merit.

Moreover, even if we consider Appellant's claims, we would still find that Appellant is not entitled to relief.  In his first appellate issue, Appellant argues that trial counsel failed to investigate the victim's allegation that Appellant assaulted him with a box cutter.  Appellant avers that, if trial counsel conducted a proper investigation, he would have discovered that no box cutter existed and Appellant would not have entered a guilty plea in the instant matter.

To prove simple assault by physical menace, the Commonwealth must provide sufficient evidence that the accused "intentionally plac[ed] another in fear of imminent serious bodily injury through the use of menacing or frightening activity."  ***Commonwealth v. Reynolds***, 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted); ***see*** 18 Pa.C.S.A. § 2701(a)(3) ("[A] person is guilty of [simple] assault if he . . . attempts by physical menace to put another in fear of imminent serious bodily injury[.]").  Importantly, the use of a weapon is not necessary to sustain a conviction under Section 2701(a)(3).  ***See Commonwealth v. Eckrote***, 12 A.3d 383, 387 (Pa. Super. 2010) (holding that there was sufficient evidence to sustain the appellant's conviction under Section 2701(a)(3) because the evidence established that he

"physically restain[ed] and shov[ed the victim] into [a] vehicle"); *see also Commonwealth v. Neely*, 2023 WL 6239065 *1, *4 (Pa. Super. 2023) (non-precedential decision), *appeal denied*, 313 A.3d 144 (Pa. 2024) (holding that the evidence, which demonstrated "a significant difference in size between [the a]ppellant and the victim" as well as "the overwhelming intensity with which [the a]ppellant physically bore down on [the victim]" was sufficient to sustain the appellant's conviction under Section 2701(a)(3)).

In his PCRA petition, Appellant asserted that trial counsel was ineffective for failing to discover that the Commonwealth did not have any physical evidence that he assaulted the victim in this instance with a box cutter. *See* Appellant's *Pro Se* PCRA Petition, 8/9/23, at 8 (claiming that trial counsel failed to "investigate[ and] discover[] that the Commonwealth had no evidence other than a witness with a[n] extensive criminal history, who was arrested and placed on probation/parole for possessing the same weapon he claim[ed] petitioner assaulted him with[.]"). This claim, however, fails to raise a genuine issue of material fact–and does so for two reasons. First, pursuant to the very language of Section 2701(a)(3) as well as interpretive case law, whether Appellant was in possession of a box cutter or other knife during the encounter with the victim was of little to no consequence. Second, as the PCRA court points out, the Commonwealth did not allege during the guilty plea colloquy that Appellant used a box cutter or any other weapon during the altercation with the victim. *See* PCRA Court Opinion, 3/1/24, at 4; *see also* N.T. Guilty Plea Hearing, 6/9/22, at 4. Instead, the Commonwealth alleged,

and Appellant admitted, that he "attempted by physical menace to put [the victim] in fear of imminent serious bodily injury, in that he did threaten to harm him [in a location along] North Main Street in Scranton[, Pennsylvania]." N.T. Guilty Plea Hearing, 6/9/22, at 4. Appellant is bound by this statement. *See Yeomans*, *supra*. In light of the foregoing, the PCRA court properly concluded Appellant's failed to raise an issue of material fact.

In his second appellate issue, Appellant argues that trial counsel was ineffective for failing to investigate the victim's prior convictions, as well as trial counsel's alleged failure to inform Appellant that such evidence could have been used to impeach the victim's credibility during trial. If counsel did so, Appellant claims that he would not have entered a guilty plea.

Rule 608 of the Pennsylvania Rules of Evidence provides, in relevant part, that

> (1) the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct[.]

Pa.R.E. 608(b)(1). Rule 609 of the Pennsylvania Rules of Evidence, however, permits a litigant to impeach a witness's credibility with evidence of a prior criminal conviction in limited circumstances. It provides, in relevant part, as follows:

> (a) **In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.

- 11 -

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609(a) and (b).

Appellant's claim fails. As stated above, during the execution of his written guilty plea statement, Appellant agreed that he was knowingly and voluntarily foregoing his right to trial, which necessarily included the ability to challenge the Commonwealth's evidence and witness by way of cross-examination or otherwise. ***See*** Guilty Plea Statement, 6/9/22, at 2. In addition, during Appellant's oral colloquy, Appellant admitted that he engaged in menacing behavior to threaten the victim. ***See*** N.T. Guilty Plea Hearing, 6/9/22, at 4. Appellant is bound by these statements. ***See Yeomans***, ***supra***. Hence, any issue with respect to the victim's credibility was largely irrelevant, thereby negating the necessity for an evidentiary hearing.

In his last appellate issue, Appellant challenges trial counsel's apparent failure to investigate his mental health history. Appellant further asserts that,

if counsel informed him that he could have lodged a legal insanity defense at trial, he would not have entered a guilty plea in this matter.[3]

"An insanity defense focuses upon a defendant's capacity, at the time of the offense, to understand the nature and quality of his actions or whether he knew that his actions were wrong." ***Commonwealth v. Fortune***, 302 A.3d 780, 784 (Pa. Super. 2023) (citation omitted). Section 315 of the Crimes Code sets forth the following definition of the insanity defense:

> **(a) General rule.**--The mental soundness of an actor engaged in conduct charged to constitute an offense shall only be a defense to the charged offense when the actor proves by a preponderance of evidence that the actor was legally insane at the time of the commission of the offense.
>
> **(b) Definition.**--For purposes of this section, the phrase "legally insane" means that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong.

---

[3] In his appellate brief, Appellant claims that "he could have put on a legal insanity, mental illness, and/or diminished capacity defense at trial." Appellant's Brief at 14. In his *pro se* PCRA petition, however, Appellant stated: "had counsel obtained petitioner's mental health history and told petitioner that he had the ability to put on **a[n] insanity defense**[,] there is a reasonable probability that petitioner would not have [pled] guilty and would have insisted on going to trial." Appellant's *Pro Se* Petition, 8/9/24, at 8 (emphasis added). Because Appellant failed to include a claim with respect to the viability of a mental illness or diminished capacity defense in his PCRA petition, we will not consider these claims on appeal. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

18 Pa.C.S.A. § 315. Importantly, "[i]t has long been accepted that criminal defendants may be presumed sane for purposes of determining their criminal liability." *Commonwealth v. Watson*, 292 A.3d 562, 567 (Pa. Super. 2023) (citation omitted).

This claim also fails. As stated above, during Appellant's oral guilty plea colloquy, the Commonwealth provided a factual basis for the instant matter. Thereafter, the following exchange occurred:

> **The court:** All right. And, Mr. Merritt, do you admit that on January 16, 2022, you had threatened to harm [the victim]?
>
> **[Appellant]:** Yeah, but I was not in the right state of mind. I was not good because of stuff I was going through and because of my grandmother and everything. She passed away and my brother did [as well].
>
> **The court:** Well, I understand there are always other circumstances to consider, but we start with the fact that you admit that what you did that day was wrong, but you have an explanation, and I [am] going to hear that; is that correct?
>
> **[Appellant]:** Yes, sir.

N.T. Guilty Plea Hearing, 6/9/22, at 4. This admission, which Appellant is bound by, demonstrates that Appellant was still in full control of his cognitive faculties during the commission of the instant crime, thereby nullifying the availability of an insanity defense. *See Yeomans*, *supra*. Hence, the PCRA court correctly determined that Appellant could not "demonstrate[] that an insanity defense would have been applicable here" and, in turn, did not err in dismissing Appellant's PCRA petition without a hearing. PCRA Court Opinion, 3/1/24, at 5.

- 14 -

Based upon all of the foregoing, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/08/2025